

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,772-01 AND WR-81,772-02

### EX PARTE ANTHONY RAY DAVISON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 24709A-1 AND 24451A-1 IN THE 278TH DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to the Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to two charges of burglary of a building, and was sentenced to twenty years' imprisonment for each charge, to run concurrently. Notice of appeal was filed in only one of the two cases, and the Eleventh Court of Appeals affirmed that conviction. *Davison v. State*, No. 11-10-00300-CR (Tex. App.— Eastland, December 16, 2010)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance, rendering his guilty plea in both cases involuntary because trial counsel did not advise him of the correct punishment range for the offenses to which he was pleading guilty, and did not object to or correct the trial court's oral and written admonishments, which admonished Applicant only as to the state jail felony punishment range for the offenses without the prior felony punishment enhancements. Applicant alleges that he would not have entered his open pleas to these charges had he known that he would be eligible for second-degree felony punishment for both charges. Applicant also alleges that trial counsel failed to file notice of appeal in the -02 case despite Applicant's desire to appeal in both cases.

This Court remanded both cases to the trial court for findings of fact and conclusions of law addressing Applicant's claims. The trial court obtained affidavits from Applicant's trial counsel, and conducted a live habeas hearing at which trial counsel and Applicant testified. The trial court has determined that Applicant's pleas were not knowingly and voluntarily entered because he was not admonished of and did not understand the full punishment range applicable in these cases. The trial court has also determined that trial counsel's performance was deficient in that counsel did not correct the admonishments given to Applicant as to the range of punishment, and that such deficient performance prejudiced Applicant. Relief is granted. The judgments in Cause Nos. 24709A-1 and 24451A-1 in the 278th District Court of Walker County are set aside, and Applicant is remanded to the custody of the Sheriff of Walker County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 22, 2015
Do not publish